In the Supreme Court of Georgia

Decided: March 25, 2016

S15Q1816. ANDERSON v. SENTINEL OFFENDER SERVICES, LLC.

HUNSTEIN, Justice.

In Sentinel Offender Services, LLC. v. Glover, we concluded that

Georgia's private probation statutory framework, see OCGA § 42-8-100 et seq.,

does not allow for the tolling of misdemeanor probationers' sentences. 296 Ga.

315, 329 (3) (b) (766 SE2d 456) (2014) ("Sentinel I"). As we noted in Sentinel

I, however, that case provided no occasion to consider whether such tolling

might be permissible as a matter of common law, and, if so, whether this tolling

doctrine has been abrogated by legislation. Id. at 330, n.5. Now, having been

asked by the United States District Court for the Southern District of Georgia

to address these unanswered questions, we conclude that, as a matter of common

law, the mere passage of time does not extinguish an unserved sentence and that

the common law principle has not been abrogated by the State-wide Probation

Act.[1]

---

[1] The private probation statutory scheme, applicable to misdemeanor probation,
has since been amended, effective July 1, 2015, to include a tolling provision for
misdemeanor probation. See Ga. L. 2015, p. 440, 446 § 3-2. We render no opinion

Richard Lamar Anderson filed a complaint against Sentinel Offender Services, LLC. ("Sentinel"), seeking relief for false arrest, malicious arrest, malicious prosecution, intentional infliction of emotional distress, and false imprisonment stemming from his arrests for violations of his probation, which had been deemed tolled; Sentinel subsequently moved for summary judgment. Initially, this matter was stayed until this Court announced a decision in Sentinel I, but, following our decision in that case, Sentinel took the position that Anderson's misdemeanor probation was properly tolled under Georgia common law. The district court concluded that Anderson's civil action hinges on the question of common-law tolling and certified the following questions to this Court:

> 1. Is tolling authorized for privately supervised misdemeanor probated sentences under Georgia common law?
>
> 2. If so, has the common law rule that allows tolling of misdemeanor probated sentences been abrogated by the State-wide Probation Act?

We answer the first question in the affirmative and the second in the negative.

1. As we noted in Sentinel I, "with respect to a misdemeanor conviction,

---

in this case as to the effect of this amendment on the principle of common law tolling.

sentences are fixed at one year *and once a sentence has been served*, jurisdiction over the defendant ceases." (Emphasis supplied.) 296 Ga. at 329. Under common law, the actual fulfillment of the terms of a misdemeanor sentence – the "service" of that sentence – dictates the completion of that sentence.

> [T]he sentence of the law is . . . satisfied only by the actual suffering of the imprisonment imposed, unless remitted by death or by some legal authority. The punishment is imprisonment, the period of which is expressed only by the designated length of time. Neither the date of its commencement, nor of its expiration, is fixed by the terms of the sentence.

Dolan's Case, 101 Mass. 219, 222 (1869). Applying Dolan's Case in Neal v. State, this Court recognized that "'[t]he sentence of a convict to imprisonment for a term expressed only by designating the length of time is to be satisfied only by his actual imprisonment for that length of time'" and, accordingly, held that it was proper to enforce an unserved six-month sentence, which had been unlawfully suspended, even though that sentence was imposed more than six months after it was pronounced. 104 Ga. 509, 519 (2) (30 SE2d 858) (1898). The principle announced in Neal – that the mere passage of time does not extinguish a sentence – has been applied to felony sentences, see, e.g., Dixon v.

3

Beaty, 188 Ga. 689 (4 SE2d 633) (1939),[2] and, of significance here, to misdemeanor sentences. See Scott v. Griffin, 170 Ga. 368, 369 (1) (a) (153 SE 25) (1930) (defendant's misdemeanor sentences "not affected by reason of the fact that the length of time for which [defendant] was sentenced has expired, where it appears that he has not actually served such sentences"); Conley v. Pope, 161 Ga. 462, 462-463 (4) (131 SE 168) (1925) ("[T]he judge properly refused to grant to [the defendant] the writ of habeas corpus sued out against the sheriff. [Cit.]  This is true, although the subsequent arrest of the defendant was after the expiration of 12 months from the date of the [12-month] sentence."); Norman v. Rehberg, 12 Ga. App. 698, 702 (78 SE 256) (1913) ("[C]ertainly [defendant] could not claim the expiration of a sentence under which he had not served a single day, merely because the period of time which had elapsed was longer than the sentence originally imposed."); Avery v. State, 22 Ga. App. 746 (97 SE 204) (1918) (no error in the enforcement of a 12-month sentence though it was imposed more than 12 months from the date of its pronouncement).  See also Crosby v. Courson, 181 Ga. 475 (5) (182 SE 590) (1935); Short v. Dowling, 138 Ga. 834 (76 SE 359) (1912); Daniel v. Persons, 137 Ga. 826 (74

---

[2] See also Turner v. Courson, 181 Ga. 517 (2) (182 SE 855) (1935).

SE 260) (1912); O'Dwyer v. Kelly, 133 Ga. 824 (67 SE 106) (1910).

While many of these decisions involve unserved misdemeanor sentences that were, at the time, unlawfully suspended, this principle is not exclusive to that scenario. See, e.g., Etheridge v. Poston, 176 Ga. 388 (2) (168 SE 25) (1933) (25-day sentence, the service of which was postponed, was not extinguished by the mere passage of time and the defendant was not entitled to be discharged from his sentence where he had not served any portion of it). Likewise, though the common law principle originated with unserved terms of imprisonment, it was similarly applied to probated sentences, once such sentences became lawful in 1913; this is so because "one thus serving a sentence on probation is fulfilling his sentence as effectually as if confined in jail or on the chain gang." Reper v. Mallard, 193 Ga. 684, 684 (2) (19 SE2d 525) (1942) In Shamblin v. Penn, 148 Ga. 592 (97 SE 520) (1918), the defendant was convicted of two misdemeanors and sentenced to concurrent 8-month sentences; the defendant was placed on probation but fled the jurisdiction a month later. The defendant was apprehended approximately a year later and ordered to serve the balance of his sentence on a chain gang. This Court held that the trial court had the authority to revoke the defendant's probation and impose the original

5

sentence – notwithstanding the fact that this sentence was imposed "after the expiration of more than eight months from the date of the sentences" – because the defendant "had not at that time served the sentences imposed."  Id. at 592. See also Roberts v. Lowry, 160 Ga. 494 (128 SE 746) (1925) (defendant not entitled to be released on the sentence's original expiration date where she failed to comply with the terms of her probation and had not yet served the balance of her original sentence).  The United States Supreme Court, also relying on Dolan's Case, has reached a similar conclusion, though with respect to a fugitive parolee convicted of a felony.  See Anderson v. Corall, 263 U. S. 193, 196 (44 SCt 43, 68 LEd 247) (1923) ("Mere lapse of time without imprisonment or other restraint contemplated by the law does not constitute service of sentence. Escape from prison interrupts service, and the time elapsing between escape and retaking will not be taken into account or allowed as a part of the term.").

Though none of the foregoing decisions specifically refer to the concept of "tolling," that principle is clearly at work.  See Black's Law Dictionary 1716 (10th ed. 2014) (defining "toll" as "to stop the running of; to abate").  Under common law, a misdemeanor sentence – even one to be served on probation – is not extinguished by the mere passage of time, and any unserved term of that

6

sentence may be enforced beyond the expiration of that original sentence; this principle, in effect, tolls the expiration of the sentence and concomitantly extends the jurisdiction of the sentencing court.[3] See OCGA § 42-8-102 (f) (1) ("The sentencing judge shall not lose jurisdiction over any person placed on probation during the *term* of his or her probated sentence." (Emphasis added.)).[4] Therefore, we conclude that tolling existed at common law and answer the first certified question in the affirmative.

2. "The common-law rule is still of force and effect in this State, except where it has been changed by express statutory enactment or by necessary implication." Robeson v. Intl. Indem. Co., 248 Ga. 306, 307 (1) (282 SE2d 896) (1981). Probation is a creature of statute, and, as noted above, in 1913 the General Assembly empowered courts in this state to impose such a sentence for certain felony and misdemeanor offenses. See Ga. L. 1913, p. 112. The 1913

---

[3] We note, however, that the mere failure of a defendant to abide by the terms of a misdemeanor sentence will not alone toll that sentence; instead, tolling requires a judicial determination of a violation sufficiently serious that the defendant was not serving the sentence imposed and of the time when that violation occurred. See Roberts and Shamblin, supra.

[4] Though this language is taken from a statute that became effective July 1, 2015, the language appears to be wholly unchanged from when it was originally placed in OCGA § 42-8-100 in 2001. See Ga. L. 2001, p. 813, 814 § 2.

7

act, however, neither referenced tolling nor expressly preempted existing common law regarding the treatment of unserved sentences; such a conclusion is bolstered by this Court's decisions in Shamblin and Roberts, supra, both of which applied the common law principle of tolling to probation well after the enactment of the 1913 act.

The General Assembly overhauled probation in 1956 with the "State-wide Probation Act," see Ga. L. 1956, p. 27; this legislation, though much more comprehensive, was equally silent on the issue of tolling until it was amended in 1958. In that year, the General Assembly amended the act to add the following language:

> The failure of a probationer to report to his probation officer as directed, or upon a return of non est inventus, or other return to a warrant for the violation of the terms and conditions of probation, that the probationer cannot be found in the county that shall appear to be the probationer's county of residence from the records of the probation officer, shall automatically suspend the running of the [probated] sentence until the probationer shall personally report to the probation officer and such period of time shall not be included in computing creditable time served on probation nor as any part of the time that the probationer shall have been sentenced to serve.

Ga. L. 1958, p. 15, 22, § 9. We agree with Sentinel that the General Assembly did not abrogate the common law principle of tolling with the 1958 amendment;

instead, the General Assembly codified the common law principle.[5] See Dion

v. Y.S.G. Enterprises, Inc., 296 Ga. 185, 189 (766 SE2d 48) (2014) ("As the

General Assembly can expand and create exceptions to the common law, it can

also codify it."). Though this provision remains good law, see OCGA § 42-8-36

(a), and was once applicable to both felony and misdemeanor probation,[6] it is

currently codified in the portion of the State-wide Probation Act that is

---

[5] The dissent takes issue with a 1986 amendment that added the following provision: "The effective date of the tolling of the sentence shall be the date that the officer returns the warrant showing non est inventus." The dissent posits, without citation to authority, that this amendment "significantly altered" tolling as it existed at common law and, thus, abrogated that doctrine as it originally existed. As an initial matter, we disagree that the 1986 amendment constitutes an express abrogation of common law; neither the amendment nor any other provision of the State-wide Probation Act expressly references common law tolling. See Black's Law Dictionary 8 (10th ed. 2014) (defining "express abrogation" as the "repeal of a law or provision by later one that *refers directly to it*") (emphasis added). Further, the mere fact that the codification is not identical to the original common law does not *imply* abrogation, either. See Black's Law Dictionary 8 (10th ed. 2014) (defining "implied abrogation" as "the unannounced or nonexplicit repeal of a legal doctrine, legal power, or other rule, esp. resulting from an old law's *incompatibility* with a new one; specif., the nullification of a law or provision by a later one that is *inconsistent with* or *contradictory to the first*, without an express repeal") (emphasis added). We cannot say that, by adding the "non est inventus" provision, the 1986 amendment changed the core rule of common law tolling or that it is incompatible with or contradictory to the common law.

[6] Ostensibly the provision was applicable to both felony and non-private misdemeanor probation until January 1, 2001 when the Department of Correction was divested of the responsibility to supervise misdemeanor probationers. See Ga. L. 2000, p. 1645 § 1; see also OCGA § 17-10-3 (f).

9

inapplicable to the private probation scheme for misdemeanors. See Sentinel I, 296 Ga. at 327-328; OCGA § 42-8-30. The question, then, is whether common law tolling remains in force with respect to misdemeanor probation. We believe that it does.

As an initial matter, common law tolling has never been expressly abrogated and, though the now-codified tolling provision has been made inapplicable to misdemeanor probation by way of OCGA § 42-8-30, we do not think that fact concludes the matter. Notably, OCGA § 42-8-30 renders the entirety of the State-wide Probation Act inapplicable to misdemeanor probation, not just its tolling provision and, thus, does not necessarily imply an abrogation of the common law rule. See Robeson, 248 Ga. at 307. Further, though the General Assembly is presumed to act with the full knowledge of existing law, see Peachtree-Cain Co. v. McBee, 254 Ga. 91 (1) (327 SE2d 188) (1985), it is also true that "a statute must be viewed so as to make all its parts harmonize and to give a sensible and intelligent effect to each part" because "[i]t is not presumed that the legislature intended that any part would be without meaning." Houston v. Lowes of Savannah, Inc., 235 Ga. 201, 203 (219 SE2d 115) (1975). Here, any construction of the misdemeanor probation scheme that abrogates

common law tolling would render misdemeanor probation unenforceable in some situations, as it would allow defendants to avoid their sentences by simply avoiding apprehension until the expiration of their original sentence. We cannot say that the General Assembly meant to enact an ineffective misdemeanor probation scheme without any mention of abrogating the well-established common-law and common-sense principle of tolling.[7] Accordingly, we conclude that common law tolling of misdemeanor probation sentences was not abrogated by the State-wide Probation Act, and we answer the second certified question in the negative.

Questions answered. All the Justices concur, except Thompson, C.J., who dissents.

---

[7] While it may be true that the General Assembly has opted to treat felony and misdemeanor probation differently, it does not follow that the General Assembly intended to abrogate a common law doctrine that it adopted and codified more than 50 years ago. Likewise, it is unreasonable to conclude, as the dissent does, that the General Assembly intended to enact legislation regarding misdemeanor probation that could encourage non-compliance with that probation; notably, the dissent fails to address this absurd outcome, and the dissent's construction of the State-wide Probation Act and Article 6 fails to harmonize the two statutory schemes and fails to give sensible and intelligent effect to each provision. Houston, 235 Ga. at 203.

S15Q1816.  ANDERSON v. SENTINEL OFFENDER SERVICES, LLC.

THOMPSON, Chief Justice, dissenting.

Because the 1986 amendment to the State-wide Probation Act abrogated common law tolling in significant part with regard to all felon and misdemeanor probationers, I cannot conclude that, when the General Assembly removed some misdemeanor probationers in 1991 from the scope of the State-wide Probation Act,[1] it intended to revive the common law of tolling for those probationers.

The majority opinion properly finds that common law tolling was applied by the courts of this State to misdemeanor probationers prior to the legislature's enactment of a tolling statute in 1958 as an amendment to the State-wide Probation Act of 1956 set forth in Article 2, Chapter 8 of Title 42 of Georgia's Probation Code .  Even assuming, however, that the tolling statute as originally

---

[1] I note that the legislature's subsequent amendment to OCGA § 42-8-22, limiting application of the State-wide Probation Act to felony probationers effectively removed any remaining misdemeanor probationers from the purview of its provisions.  See Ga. L. 2000, p. 1643, § 2.

passed simply codified the common law,[2] the subsequent addition to the statute in 1986 of language providing that "the effective date of the tolling of the sentence shall be the date that the officer returns the warrant showing non est inventus" abrogated common law tolling by establishing a requirement which must be met prior to the tolling of a defendant's sentence. Compare Ga. L. 1958, p.15, § 9 with Ga. L. 1986, p. 492, § 1. See Campbell v. State, 280 Ga. App. 561, 563 (634 SE2d 512) (2006). This amendment significantly altered the common law of tolling which provided that a sentence was tolled from the date the defendant stopped serving it. Thus, while a court under the common law could determine in month five of a six month sentence that the defendant had stopped serving his sentence on day one and toll the defendant's sentence from that date, following the 1986 amendment, a court could only toll a

---

[2] Pursuant to an amendment to the State-wide Probation Act in 1958, "[t]he failure of a probationer to report to his probation officer as directed . . . shall automatically suspend the running of the [probated] sentence and such period of time shall not be included in computing creditable time served on probation nor as any part of the time that the probationer shall have been sentenced to serve." Ga. L. 1958, p. 15, 22, § 9. What the common law of tolling actually entailed and whether the 1958 tolling statute simply codified the common law is not entirely clear. In Neal v. State, 104 Ga. 509, 519 (30 SE 858) (1898), on which many of the pre-statutory tolling cases rely, see Daniel v. Persons, 137 Ga. 826, 828; Norman v. Rehberg, 12 Ga. App. 698 (78 SE 256) (1913), it was determined that the common law permitted a sentencing court, which had improperly suspended a defendant's six month sentence, to thereafter at any time and without notice to the defendant or providing him with an opportunity to be heard, issue an order requiring the defendant to begin serving his entire sentence.

2

defendant's sentence from the date a warrant non est inventus was returned. Accordingly, if the probation officer or other official returned the warrant non est inventus in the fifth month of a six month sentence, the defendant would be considered to have served five months of his sentence before tolling begins. The requirement that a purposeful search be made to locate a probationer before tolling his or her sentence was an important new protection accorded probationers. See Campbell, 280 Ga. App. at 562. See also Sentinel Offender SVCS., LLC v. Glover, 296 Ga. 315, 320, n. 10 (766 SE2d 456) (2014) ("Sentinel I"). Compare Neal, 104 Ga. at 518-519.

Having thus abrogated common law tolling for all probationers by express statutory enactment, the legislature in 1991, subsequently enacted OCGA § 42-8-30.1 which limited application of the provisions of the State-wide Probation Act to felony probationers and those misdemeanor probationers whose probation was administered by the Department of Corrections ("DOC"). Simultaneously with the enactment of this statute, however, the legislature amended Georgia's Probation Code by adding Article 6 which contained two new statutory provisions, OCGA §§ 42-8-100 and 42-8-101. See Ga. L. 1991, p. 1136, § 2. These provisions authorized counties to establish their own

3

probation systems to handle misdemeanor probationers or to contract with private probation providers to do so, and created an Advisory Council specifically charged with "promulgat[ing] rules and regulations regarding contracts or agreements for probation services [as authorized under this statute] and regarding standards and qualifications in the provision of probation services in the probate court or magistrate court." See OCGA §§ 42-8-100 and 42-8-101, Ga. L. 1991, p. 1136, § 2. Since that time, "[s]tatutes specific to misdemeanor probation systems are codified in Article 6 of Title 42, Chapter 8, which encompasses code sections 42-8-100 through 24-8-108." Sentinel Offender SVCS., LLC v. Glover, 296 Ga. 315, 330, n. 24 (766 SE2d 456) (2014) ("Sentinel I").

While Article 6 contains many provisions similar to those set forth in the State-wide Probation Act, compare OCGA § 42-8-34 (g) with OCGA § 42-8-100 (g), prior to 2015, it contained no language which "contemplate[d] the tolling of a probationer's sentence based on his or her alleged status as a fugitive as specifically allowed by the tolling provisions found in Article 2" of Georgia's Probation Code. Id. Significantly, while the legislature's enactment in 1991 of OCGA § 42-8-30.1, repealed the State-wide Probation Act and thus its tolling

4

provisions as to some misdemeanor probationers, it did not otherwise repeal the tolling statute which remained in full force and effect for all felony probationers and some misdemeanor probationers. See Ga. L. 1991, p. 1135, § 1; Sentinel I, 296 Ga. at 327 (3). Under these facts, I believe it would be error to assume that by making statutory tolling in Georgia inapplicable to some, but not all, misdemeanor probationers in 1991, the legislature intended to revive common law tolling only as to these probationers. See Warren v. Suttles, 190 Ga. 311, 313-314 (9 SE2d 172) (1940).

We have held that the repeal of a statutory provision codifying the common law "without more" leaves the common law applicable to that question "in full force and operation." See State v. Chulpayev, 296 Ga. 764, 782 (770 SE2d 808) (2015); Gray v. Obear, 54 Ga. 231, 234 (1875). As previously stated, at the time of its implicit repeal in 1991 as to some misdemeanor probationers, § 42-8-36 did not simply codify the common law, but evidenced a significant departure from it. Because the General Assembly made a concerted effort to depart from common law tolling as to misdemeanants and felons in

1986, continues to do so as to felons,[3] and has now, in response to our decision in <u>Sentinel I</u>, amended Article 6 of the Georgia Probation Code to include a tolling statute applicable to misdemeanants which incorporates protections for misdemeanants well beyond those available under common law, I cannot conclude that by exempting some misdemeanor probationers from application of the State-wide Probation Act in 1991, and all misdemeanants as of 2001, the legislature intended to revive common law tolling in such a piecemeal fashion. See <u>Butner v. Boifeuillet</u>, 100 Ga. 743, 748-750 (28 SE 464) (1897); <u>Warren</u>, 190 Ga. at 313-314.

We have reached a similar conclusion with regard to the issue of the revival of statutes enacted and then repealed by the General Assembly. See <u>Butner</u>, 100 Ga. at 748-750; <u>Warren</u>, 190 Ga. at 313-314. In <u>Butner</u>, this Court acknowledged that the general rule of statutory construction at common law

[3] Since 1986, the General Assembly has continued to amend § 42-8-36 in ways that abrogate the common law of tolling as to felons. See Ga. L. 1987, p. 455 (revising § 42-8-36 (a) to say that a probationer's sentence is not tolled once the probationer is "available to the court"); Ga. L. 1989, p. 452 (revising § 42-8-36 to say that, when "the probation supervisor submits an affidavit to the court stating that a probationer has absconded and cannot be found, the running of the probated sentence shall be suspended effective on the date such affidavit is submitted to the court and continuing until the probationer shall personally report to the probation supervisor, is taken into custody in this state, or is otherwise available to the court"); Ga. L. 2010, p. 557 (most favorably of all the revisions for felony probationers, this revision says that whatever the basis for the tolling, "the effective date of the tolling of the sentence shall be the date the court enters a tolling order").

6

provided that when a repealing statute was itself repealed, the first statute was revived, but noted that there were clearly defined and well-recognized exceptions to this rule. 100 Ga. at 748. As this Court explained,

> The rule itself rests upon the theory that each expression of the legislative mind represents the legislative intent at the time of that expression, and that the repealing statute indicates a change of the legislative purpose as expressed in the prior law; and, therefore, when the repealing statute is in turn repealed, without any reference to the pre-existing law, the presumption is that the legislature intended by the repeal to restore the order of things existing under the repealed statute. **But this rule can have no application in a case where the statute repeals absolutely a prior existing law, and substitutes for it another and more comprehensive scheme of legislation, which undertakes to deal with the whole subject to which the prior statute relates**.

Id. (emphasis supplied). See Warren, 190 Ga. at 313-314 (relying on Butner to hold that the general rule reviving previous law had no application in case where the first repealing statute, not only repealed the prior existing law, but had substituted for it another and more comprehensive scheme of legislation dealing with the subject matter to which the prior statute related). As in Butner and Warren, I believe the general rule does not apply in this case and that common law tolling was not revived upon the legislature's repeal of the State-wide Probation Act as to misdemeanor probationers and its corresponding creation

7

of a separate statutory framework.

Over the past half-century since the legislature first passed a tolling statute, it has revised and refined this statute through numerous iterations. At all times prior to 1991, these changes applied to all misdemeanor, as well as felony probationers. This evolution and the case law supporting it reflects the will of the legislature specifically as to the manner by which a probationer's sentence may be tolled. As the clear legislative intent of OCGA § 42-8-30.1 when first passed in 1991 was to create a separate probation system under Article 6, Chapter 8 of Title 42 for those misdemeanor probationers whose probation had been removed from the purview of state probation officers under the State-wide Probation System set forth in Article 2, I do not believe that the general rule allowing for a revival of the common law applies in this case and thus conclude that tolling was not authorized for privately supervised misdemeanor probated sentences under Georgia common law.

For the foregoing reasons, I must respectfully dissent.